697 S.E.2d 541

**In the Matter of James Cullen GALMORE, Respondent.**

**No. 26838.**

Supreme Court of South Carolina.

Submitted June 8, 2010.

Decided July 26, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

James Cullen Galmore, of Conway, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of an admonition or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

Respondent, a public defender, was representing Client A on criminal charges when the client was served with two murder warrants. Respondent received discovery materials in late August 2007. Although the materials were voluminous, respondent failed to timely review the discovery materials and, as a result, failed to realize another of his current clients was a potential witness against Client A.

Respondent first recognized the conflict in early December 2007 when he received a letter from Client A and a copy of the complaint from ODC. In his December 14, 2007, response to ODC respondent advised he would move to be relieved from representing Client A.

In mid-January 2008, ODC wrote respondent and requested additional information and an update on the status of the representation. Respondent replied in writing, but did not provide the requested status update.

During a follow-up telephone call initiated by ODC on February 6, 2008, respondent advised that he had forgotten to move to be relieved as counsel as well as to respond to the

status update inquiry. A conflict order was issued on February 20, 2008, but respondent did not advise ODC of the order as requested and promised. By letter dated March 3, 2008, ODC again inquired about the status of the representation, prompting respondent to advise ODC on March 6, 2008, by telephone, that the court had relieved him and appointed new counsel for Client A.

## Matter II

During the investigation of a complaint made by Client B, respondent responded to ODC's request for additional information only after receiving a reminder letter. Respondent acknowledges his untimely response violated the Rules of Professional Conduct.

## Matter III

Respondent was appointed to represent Client C on several counts of burglary as well as allegations that he spit on two detention center officers. During a meeting more than a year after his appointment, Client C failed to adequately answer respondent's questions, causing respondent to believe that Client C needed a mental evaluation.

About three months later, respondent met with Client C again and delved into the question of Client C's mental health. Client C provided specific information which led respondent to conclude a competency evaluation was necessary.

A few weeks later, respondent forwarded a proposed evaluation order to the solicitor. Respondent did not follow up on the issue for nearly four months; when he did, he learned the proposed order was lost. Respondent forwarded another proposed order to the solicitor, but then, two weeks later, represented Client C at a guilty plea without the benefit of an evaluation. Respondent submits that, although he had concerns about Client C's mental health, he is certain Client C would have been found competent to stand trial.

During the course of ODC's investigation, respondent replied to a request for additional information only after receiving a reminder letter. Respondent acknowledges his untimely response violated the Rules of Professional Conduct.

## *Matter IV*

Respondent was appointed to represent Client D on four counts of armed robbery. During a meeting at the jail, Client D asked respondent to pursue a bond reduction. Respondent sought the hearing as requested, but did not inform his client of his efforts and did not respond to his client's letter asking about a bond reduction hearing.

Approximately four months later, Client D telephoned respondent and inquired about a bond reduction hearing. At that time, respondent advised him that there were no grounds to seek a reduction of his bond.

During the course of its investigation, ODC requested respondent provide additional information. Respondent responded to this request only after receiving a reminder letter from ODC. Respondent acknowledges his untimely response violated the Rules of Professional Conduct.

## *Matter V*

Respondent represented Client E on one count of murder. Client E was denied a bond. During the next six months period, Client E was transferred to a neighboring jail at his own request and he sent respondent three letters which went unanswered. Respondent's only communication with Client E after the bond hearing was when he sent an investigator to instruct Client E to stop contacting the media. Respondent was relieved on his own motion.

Respondent acknowledges his past office management practices contributed to the allegations admitted in the Agreement for Discipline by Consent. He asserts he has worked hard to improve the timeliness of his responses to ODC; ODC acknowledges that, during the course of its investigation, respondent's responses became timelier. Respondent also submits his office has adopted practices, procedures, and systems which he believes have improved his responsiveness to clients and his ability to manage his caseload.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct,

Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.4(a)(3) (lawyer shall keep client reasonably informed about status of matter); Rule 1.4(a)(4) (lawyer shall promptly comply with reasonable requests for information); and Rule 8.1(b) (lawyer shall not knowingly fail to respond to lawful demand from disciplinary authority). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(3) (it shall be ground for discipline for lawyer to willfully fail to respond to lawful demand from disciplinary authority).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**